UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CHARLES O. CATER                                                                              Plaintiff

v.                                                                Civil Action No. 3:21-CV-P675-RGJ

BRIAN SANDERS, *et al.*                                                                  Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on initial review of Plaintiff Charles O. Cater's *pro se* civil-rights complaint [DE 1] pursuant to 28 U.S.C. § 1915A.  For the reasons that follow, the Court will dismiss some of Plaintiff's claims and allow others to go forward.

**I.**

Plaintiff, a federal pretrial detainee when he filed this lawsuit, names as Defendants Drug Enforcement Agency (DEA) Agent Brian Sanders; Assistant U.S. Attorney (AUSA) Scott Davis; Louisville Metro Police Department (LMPD) Detectives Jason Clapton and C. King; LMPD/DEA Task Force Officer Daniel Evans; and U.S. Attorney Russell M. Coleman.  He alleges violations of the Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments stemming from the search of his house and his arrest in February 2018.  He indicates on the complaint form that all Defendants are sued in their individual and official capacities.

Plaintiff attaches to his complaint an 18-page "Declaration and Affidavit," [DE 1-1], which the Court also considers in conducting its initial review.  That declaration describes an investigation into a drug-trafficking organization by the Louisville Field Division of the DEA beginning in November 2016.  According to the declaration, after the investigation began, a third-party buyer was killed in January 2018 by two members of the drug-trafficking

organization. Plaintiff's declaration states that the DEA, "upon learning of [Plaintiff's] involvement, . . . conducted surveillance of [Plaintiff] on multiple occasions" and, thereby, located Plaintiff's residence.

Plaintiff alleges that on February 23, 2018, a search of his home occurred, resulting in damage to his residence. He alleges that Defendants Sanders, Clapton, and Evans violated his Fifth and Sixth Amendment rights and also violated his Eighth Amendment rights "by threatening [him] with cruel, inflicted punishment" on that date. He also alleges that Defendants King, Coleman, and Davis violated his Fourth Amendment right to be secure in his person, house, papers, and effects on that date but does not further elaborate.

According to Plaintiff, the search took place pursuant to a search warrant sought by Defendants Sanders, Clapton, Evans, which he alleges was "boilerplate" and "based upon no probable cause." In his declaration, he explains that the offense description for the search warrant was "Conspiracy to Distribute Methamphetamine." It was signed by a Magistrate Judge of this Court and lists Defendant Sanders as the affiant. In his declaration, Plaintiff names Defendants King and Evans as taking part in the search.

Also on February 23, 2018, Plaintiff was arrested by "LMPD" and taken to the "Federal Building in Louisville." Plaintiff states in his declaration that he arrived at the Federal Building between 9:20 to 9:30 a.m. and that he was questioned from 10:00 a.m. to 3:00 p.m. by Defendants Sanders and Clapton even though his "rights" were not read to him until 11:30 a.m. He further alleges that at that time Defendant Coleman violated Plaintiff's Fifth Amendment right that no one should be held to answer for a capital crime unless on a "presentment" or "grand jury indictment," as well as his Sixth, Eighth, Thirteenth, and Fourteenth Amendment rights. He further alleges that on that day Defendant Davis violated (1) the Fifth Amendment by

holding him to answer to a capital or otherwise infamous crime; (2) the Eighth Amendment; and (3) Plaintiff's Fourteenth Amendment right to equal protection.

On February 26, 2018, according to Plaintiff's declaration, a hearing was held; the charges against him were read to him (a charge of conspiracy to distribute methamphetamine and a charge of use/possession/discharge of a firearm during and relating to a drug-trafficking crime causing the death of another person); and the court appointed him a lawyer, but not his preferred lawyer. The complaint alleges that, also on that date, Defendants Clapton and Sanders violated Plaintiff's Eighth and Fourteenth Amendment rights by "involuntary servitude." Plaintiff additionally appears to allege that his equal-protection rights were violated.

Plaintiff requests compensatory and punitive damages as well as injunctive relief of a "protection order for family" and to "freeze all assets until outcome of suit[]/appoint special master."

The Court takes judicial notice that the criminal charges and prosecution which Plaintiff's complaint concerns is *United States v. Cater*, 3:18-cr-46-RGJ-3. After Plaintiff filed his complaint, a jury trial was held in his criminal case, and the jury convicted Plaintiff on charges of conspiracy to distribute controlled substances, conspiracy to possess with intent to distribute controlled substances, violent crime/drugs/machine gun, and possession of a firearm by a convicted felon. The jury found him not guilty on counts of use/possession/discharge of a firearm during and in relation to a drug trafficking crime resulting in murder and conspiracy to obstruct justice (witness tampering). *United States v. Cater*, 3:18-cr-46-RGJ-3, DE 395. Sentencing is set for March 22, 2023. *Id*. Post-trial motions are currently under consideration in that case.

## II.

When a prisoner seeks relief from governmental entities, officers, and/or employees, the trial court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the court must dismiss the complaint, or any portion of the complaint, if it determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

4

### III.

#### A. Requested injunctive relief

Plaintiff requests injunctive relief of a "protection order for family" and to "freeze all assets until outcome of suit[]/appoint special master." He does not explain what he means by his requested relief. For example, he does not explain which "family" needs a protection order, although he presumably means his own family, and he does not indicate from what his family needs protection. Similarly, he does not explain what or whose assets he wants frozen, or why, and his request for a "special master" presumably belongs in his criminal, not this, case. Accordingly, the Court will dismiss his requests for injunctive relief.

#### B. Official-capacity claims

First, the Court notes that some Defendants are federal employees and some are employed by local government. Section 1983 of Title 42 of the U.S. Code is the operative statute for civil-rights claims against Defendants employed by a state or local government, whereas civil-rights suits against federal employees are brought under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). Section 1983 actions and *Bivens* actions are analogous. *See King v. Fuller*, No. 4:08-cv-36, 2008 WL 4613076, at *2 (E.D. Tenn. Oct. 15, 2008) (finding "a *Bivens* action is analogous to an action under § 1983" and noting that "the decisional law developed under § 1983 generally applies in *Bivens*-type actions").

The law recognizes a difference in whether official-capacity claims may be brought against federal versus state or local government employees. Federal employees sued in their official capacity are immune from suit unless sovereign immunity has been expressly waived. *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002). "*Bivens* did not abrogate the sovereign immunity of the United States or that of a federal agency." *Scott v. U.S. Dep't of*

5

*Justice*, No. 2:21-CV-11146, 2021 WL 2895293, at *3 (E.D. Mich. July 9, 2021). The Court, therefore, will dismiss the *Bivens* claims against Defendants Sanders, Davis, Coleman, and Evans (to the extent that he was acting as a DEA Task Force Officer) in their official capacities for failure to state a claim upon which relief may be granted.

The official-capacity claims against Louisville Metro employees Defendants Clapton, King, and Evans (to the extent that he is a metro police officer) fail to state a claim for a different reason.

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Clapton, King, and Evans (as a metro police officer) are actually against the Louisville Metro Government.

"A municipality may not be held liable under § 1983 on a *respondeat superior* theory—in other words, '*solely* because it employs a tortfeasor.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) (quoting *Monell*, 436 U.S. at 691). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

The complaint contains no allegations which suggest that the alleged violations of Plaintiff's constitutional rights were the result of a custom or policy implemented or endorsed by Louisville Metro Government. Accordingly, the Court will dismiss Plaintiff's official-capacity claims against Defendants Clapton, King, and Evans (to the extent that he is metro police officer) for failure to state a claim upon which relief may be granted.

### C. Individual-capacity claims

#### 1. Prosecutorial immunity

Any claims against Defendants Coleman, the U.S. Attorney, and Davis, the AUSA, in their individual capacities must be dismissed as seeking relief from defendants immune from such relief. Prosecutors enjoy absolute immunity from liability in a civil-rights action for conduct "'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010).

Because Plaintiff's claims against these Defendants arise out of their role in prosecuting the criminal action against him, the individual-capacity claims against these Defendants must be dismissed for seeking relief from a Defendant who is immune from such relief.

#### 2. Fifth Amendment

Plaintiff refers to the Fifth Amendment's guarantee that "no person shall be held to answer for a capital or otherwise infamous crime unless on a presentment or indictment of a Grand Jury except in cases arising in the land or naval forces." [DE 1, pp. 6-7]. In his declaration, Plaintiff alleges that after he was arrested, Defendant Sanders told him that "he would leave from interrogating me to go to Washington D.C. to seek the death penalty on me if I

didn't talk more about the case he and others were working."¹ But Plaintiff also states in his declaration that on May 7, 2019, the Attorney General directed the U.S. Attorney not to seek the death penalty. [DE 1-1, p. 17]. Thus, under the facts Plaintiff alleges he is not being held to answer for a capital crime and, therefore, no violation of the Fifth Amendment has occurred.

Nor does Plaintiff's assertion that he was not read his rights, presumably his *Miranda*² rights, at the time he was arrested state a claim under the Fifth Amendment. His declaration states that when he was arrested his rights were not read to him, and they were not read to him until about 11:30 a.m. but that he was questioned by Defendant Sanders and others starting at 10:00 a.m. [DE 1-1, p. 10].

The Fifth Amendment prohibits forced self-incrimination. *Malloy v. Hogan*, 378 U.S. 1, 8 (1964). A *Miranda* warning is designed to prevent an individual subject to custodial interrogation from being coerced to provide self-incriminating statements. *See Miranda*, 384 U.S. at 444. Plaintiff does not allege that he provided any incriminating statements. Even if he did, he does not allege that they have been used against him in his criminal case. "[M]ere coercion does not violate the . . . Self-Incrimination Clause absent use of the compelled statements in a criminal case." *Chavez v. Martinez*, 538 U.S. 760, 769 (2003). Thus, Plaintiff's mere contention that he was not informed of "his rights" does not state an actionable Fifth Amendment claim.

Additionally, the Court notes that the Supreme Court recently held that "a violation of *Miranda* is not itself a violation of the Fifth Amendment, and . . . we see no justification for expanding *Miranda* to confer a right to sue under § 1983." *Vega v. Tekoh*, __ U.S. __, __, 142 S.

---

¹ Plaintiff also makes Fifth Amendment claims against Defendants Coleman and Davis, but as already discussed, these Defendants are immune.
² *Miranda v. Arizona*, 384 U.S. 436 (1966).

8

Ct. 2095, 2108 (2022). The Court will dismiss the Fifth Amendment claim for failure to state a claim.

### 3. Sixth Amendment

Plaintiff appears to complain that the Sixth Amendment's guarantee of a right to counsel was violated because when his preferred counsel had a conflict, the Court appointed him a different lawyer. In doing so, he does not state a Sixth Amendment claim. A "'defendant relying on court-appointed counsel has no constitutional right to the counsel of his choice.'" *United States v. Powell*, 847 F.3d 760, 780 n.12 (6th Cir. 2017) (quoting *Daniels v. Lafler*, 501 F.3d 735, 740 (6th Cir. 2007)). The Court will dismiss this claim for failure to state a claim.

### 4. Eighth Amendment

The Eighth Amendment provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The complaint fails to state a claim under the Eighth Amendment because Plaintiff was not a convicted prisoner at any time relevant to the complaint. "[O]nly those individuals who have been formally convicted of a crime may seek protection under the Eighth Amendment." *Irvin v. Clarksville Gas & Water Dep't*, No. 3:11-CV-00529, 2011 WL 3565248, at *8 (M.D. Tenn. Aug. 12, 2011), *report and recommendation adopted* No. 3-11-0529, 2011 WL 3897801 (M.D. Tenn. Sept. 6, 2011); *see also Brown v. Slaubaugh*, No. 3:18-CV-P762-RGJ, 2021 WL 3754553, at *2 (W.D. Ky. Aug. 24, 2021). Consequently, the Court will dismiss this claim for failure to state a claim.

### 5. Thirteenth Amendment

The Thirteenth Amendment abolished "slavery" and "involuntary servitude." Amend. XIII, sec. 1. To state a claim under the Thirteenth Amendment, a plaintiff must demonstrate that

he was subjected to "compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results." *Butler v. Perry*, 240 U.S. 328, 332 (1916); *see also Treadway v. Rushing*, No. 4:10 CV 2283, 2010 WL 5230865, at *2 (N.D. Ohio Dec. 16, 2010). Plaintiff makes no such allegations. Accordingly, the Court will dismiss his Thirteenth Amendment claim for failure to state a claim upon which relief may be granted.

*6. Fourteenth Amendment*

The complaint alleges with regard to Defendants Sanders and Davis, "Nor shall any State deprive any person of life, liberty, or property, without due process of law. Nor deny to any person within its jurisdiction the equal protection of the law." [DE 1, pp. 4-5, 7]. As to Defendants Clapton and Coleman, Plaintiff alleges only, "Sec. 1 of XIV Amendment, all persons born or naturalized in the United States and subject to the jurisdiction thereof."

First, as set forth above, Defendants Coleman and Davis are immune.

Second, the Fourteenth Amendment does not apply to Defendant Sanders, who is a federal employee because "the Fourteenth Amendment applies on its face only to the states." *Harden v. Hillman*, 993 F.3d 465, 481 n.4 (6th Cir. 2021). It is the Fifth Amendment's due-process and equal-protection clauses which circumscribe the federal government's actions. *Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 873 (6th Cir. 2000) ("The Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities; whereas the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government."); *see also United States v. Green*, 654 F.3d 637, 650–51 (6th Cir. 2011) ("[T]he Due Process Clause of the Fifth Amendment imposes equal protection constraints on the federal government.") (citing *Bolling v. Sharpe*, 347 U.S. 497, 498-99 (1954)).

In any event, Plaintiff's one-sentence due-process and equal-protection claims are too conclusory to state a claim for relief. *See Ashcroft*, 556 U.S. at 678 (holding that a complaint does not suffice if it tenders "'naked assertion[s]'" devoid of "'further factual enhancement'") (citation omitted)); *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"); *Abner v. Focus: Hope*, 93 F. App'x 792, 793 (6th Cir. 2004) (stating that the court is not "required to accept non-specific factual allegations and inferences or unwarranted legal conclusions"); *Johnson v. Grayson Cnty. Det. Ctr.*, No. 4:21-CV-P13-JHM, 2021 WL 3025452, at *2 (W.D. Ky. July 16, 2021) (concluding that plaintiff's "one-sentence allegation of disparate treatment [wa]s too conclusory to state an equal protection claim"), *vacated and remanded on other grounds*, No. 21-5772, 2022 WL 3479501 (6th Cir. May 27, 2022). Consequently, Plaintiff's Fourteenth Amendment due-process and equal-protection claims will be dismissed for failure to state a claim.

### 7. Fourth Amendment

Plaintiff alleges that Defendants Sanders, Clapton, and Evans obtained a search warrant based on an affidavit that was "boilerplate" and "based upon no probable cause."[3] He also alleges that Defendants King, Coleman, and Davis violated his Fourth Amendment right to be secure in his person, house, papers, and effects. In his declaration, Plaintiff names Defendants King and Evans as taking part in the search. He also alleges that the search caused serious damage to his home.

---

[3] The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

The Court dismisses the Fourth Amendment claims against Defendants Coleman and Davis because they are immune from suit. The Court will allow the Fourth Amendment claims to go forward against Defendants Sanders, Clapton, Evans, and King in their individual capacities.

## IV.

For the foregoing reasons, **IT IS ORDERED** as follows:

(1) Plaintiff's requests for injunctive relief, all official-capacity claims, and all claims under the Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

(2) All individual-capacity claims against Defendants Coleman and Davis are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from Defendants who are immune from such relief.

(3) The Clerk of Court is **DIRECTED** to terminate Defendants Coleman and Davis as parties to this action.

(4) The Court will enter a separate Service and Scheduling Order to govern the development of the remaining claims, *i.e.*, the individual-capacity Fourth Amendment claims against Defendants Sanders, Clapton, Evans, and King. In allowing those claims to continue past initial review, the Court expresses no opinion on their ultimate merit.

Date: February 27, 2023

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Jefferson County Attorney
U.S. Attorney
A961.009