UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:21-CV-P675-JHM

CHARLES O. CATER                                                                            PLAINTIFF

v.

BRIAN SANDERS, *et al*.                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Daniel Evans, Collin King, and Brian Sanders. [DN 26]. Plaintiff Charles Cater's motion for liability under Federal Tort Claims Act (FTCA) is also before the Court. [DN 34]. Fully briefed, this matter is ripe for decision.

**I. BACKGROUND**

Plaintiff Charles Cater, while a federal pretrial detainee, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against Drug Enforcement Agency (DEA) Agent Brian Sanders; Assistant U.S. Attorney (AUSA) Scott Davis; Louisville Metro Police Department (LMPD) Detectives Jason Clapton and C. King; LMPD/DEA Task Force Officer Daniel Evans; and U.S. Attorney Russell M. Coleman. Cater is currently incarcerated at the United States Penitentiary in Atlanta, Georgia. Cater asserted claims for violations of the Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments stemming from the search of his house and his arrest in February 2018. [DN 1]. Cater alleges that Sanders, Clapton, and Evans obtained a search warrant based on an affidavit that was "boilerplate" and "based upon no probable cause." Cater also alleges that King violated his Fourth Amendment right to be secure in his person, house, papers, and effects. In his declaration, Cater names King and Evans as taking part in the search and also alleges that the search caused serious damage to his home. Upon initial review of the complaint pursuant to 28

U.S.C. § 1915A, the Court allowed the individual capacity Fourth Amendment claims against Sanders, Clapton, Evans, and King to proceed and dismissed all other claims. [DN 13].

## II. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[]," *League of United Latin. Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007), "accept all well-pled factual allegations as true" *id.*, and determine whether the "complaint states a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A complaint falls short if it pleads facts "'merely consistent with' a defendant's liability," *id.* at 678 (quoting *Twombly*, 550 U.S. at 557), or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct," *id.* at 679. Instead, the allegations must "show[] that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Further, "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Courts apply the same standard when addressing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) as they do on an initial review under § 1915A. *Moniz v. Cox*, 512 F. App'x 495, 497 (6th

Cir. 2013); *Wilder v. Collins*, No. 2:12-cv-00064, 2012 1606035, at *5 (S.D. Ohio May 8, 2012) ("When a complaint is screened under § 1915A, it is subjected to the same scrutiny as if a motion to dismiss for failure to state a claim had been filed under Fed. R. Civ. P. 12(b)(6)"); *see also Clark v. Ramey*, No. 5:17CV-P44-GNS, 2018 WL 810589, at *2 (W.D. Ky. Feb. 8, 2018); *Johnson v. Brady*, No. 4:19-CV-P29-JHM, 2019 WL 6311997, at *1 (W.D. Ky. Nov. 25, 2019).

### III. DISCUSSION

Title 42 U.S.C. § 1983 gives a private right of action to individuals who suffer the violation of a constitutional right that was committed "by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Defendants raise several issues in their joint motion to dismiss. [DN 26]. But two procedural issues in particular are sufficient to defeat Cater's claims. First, Cater's claims are barred by the applicable statute of limitations. Second, Cater's claims regarding the warrant affidavit is precluded under the doctrine of collateral estoppel.

*A. Statute of Limitations*

Title 42 U.S.C. § 1983 does not contain its own statute-of-limitations period, but constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." KY. REV. STAT. § 413.104(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). The applicable statute of limitations is determined by state law, but the "date on which the statute of limitations begins to run in a § 1983 action is a question of

federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauha*, 103 F.3d 516, 520 (6th Cir. 1997)).

Courts in this circuit have held that a Fourth Amendment search claim accrues at the time of the search because that it when the plaintiff has knowledge of the search and therefore has a complete and present cause of action. *See Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008); *Michael v. City of Akron*, 278 F.App'x 477, 480 (6th Cir. 2008); *Stanley v. Malone*, No. 2:07-CV-694, 2009 WL 485491, at *5 (S.D. Ohio Feb. 26, 2009); *McKenzie v. Highland Cty., Ohio Sheriff's Office*, No. 1:18-CV-78, 2018 WL 6437419, at *3 (S.D. Ohio Dec. 7, 2018); *Knowlton v. Godair*, No. 5:22-CV-148-BJB, 2023 WL 3166176, at *2 (W.D. Ky. Apr. 28, 2023); *Micklin v. Goodell*, No. 1:07-CV-237, 2008 WL 58985, at *3 (W.D. Mich. Jan. 3, 2008). Also, in cases of alleged Fourth Amendment violations brought under § 1983, such as the one here, "the statute of limitations begins to run on the date that the alleged constitutional violations occurred." *York v. Fiddler*, No. 3:23-CV-00230, 2023 WL 3168570, at *4 (M.D. Tenn. Apr. 28, 2023) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

Thus, the statute of limitations on Cater's Fourth Amendment claims began to run from the search on February 23, 2018. [DN 1-1 at 11]. The limitations period, therefore, expired one year later on February 23, 2019. Cater has not contended that he is entitled to equitable tolling of the statute of limitations, nor has he refuted the fact that he failed to meet the applicable statute of limitations. Also, "an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations[.]" *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Cater filed his original complaint on October 29, 2021. [DN 1]. Thus, his complaint regarding the search is time-barred as he discovered the alleged violation in February 2018 when the search occurred.

4

*B. Collateral Estoppel*

"Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979) (citing *Parklane Hosier Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)). The four factors of collateral estoppel include: (1) the precise issue has been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issues in the prior proceeding. *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 589-90 (6th Cir. 2009) (citing *N.A.A.C.P., Detroit Branch v. Detroit Police Officers Ass'n (DPOA)*, 821 F.2d 328, 330 (6th Cir. 1987)). "Collateral estoppel can be applied to preclude re-litigation of a Fourth Amendment issue in a § 1983 case when that issue was decided in an earlier criminal proceeding." *Miller v. Lincoln Park Police Dep't*, No. 18-cv-11284, 2019 WL 3420140, at *4 (E.D. Mich. June 24, 2019), *Report and Recommendation adopted by* 2019 WL 3412899 (E.D. Mich. July 29, 2019).

Whether there was probable cause for the search of Cater's home was an issue raised in a suppression motion in his criminal case, *United States v. Cater*, 3:18-CR-46-RGJ-3. This issue was already litigated in the criminal case and its determination was necessary to the disposition of the criminal prosecution. Therefore, collateral estoppel prevents Cater from arguing this issue again.

*C. Federal Tort Claims Act (FTCA)*

Cater filed a motion for liability under the FTCA asking the Court to hold the Government and its employee liable for the death of Vincent Ramirez. [DN 34]. The FTCA allows a private citizen to bring a negligence claim against the United States for the negligent acts of its officer. Under the FTCA, negligence claims against the United States will be successful in "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). A plaintiff bringing a negligence claim under the FTCA must exhaust the administrative remedies associated with the FTCA prior to bringing an action in federal court. 28 U.S.C. § 2675(a). That statute provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.*

*Id.* (emphasis added). The requirement that an administrative claim be filed before filing a civil action under the FTCA is a jurisdictional prerequisite. *Harris v. City of Cleveland*, 7 F. App'x 452, 458 (6th Cir. 2001) (per curiam) (holding "the FTCA requires a plaintiff to exhaust administrative remedies prior to instituting such a lawsuit"); *Joelson v. United States*, 86 F.3d 1413, 1422 (6th Cir. 1996) (dismissal proper for lack of jurisdiction under the FTCA where plaintiff did not allege he had filed an administrative claim). Additionally, "[t]he FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee." *Allgeier v. United States*, 909 F.2d 869 (6th Cir. 1990).

Here, Cater has not indicated that he filed an administration claim under the FTCA. Moreover, Cater has failed to name the United States as a party to this action. And "Sixth Circuit

precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)(3)(B)." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449–50 (6th Cir. 1991)). Even if this Court were to construe Cater's motion as a motion to amend to add the United States as a party, "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *Asher v. Unarco Material Handing, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010). Cater's FTCA claim must therefore be dismissed for failure to state a claim and as time-barred. Accordingly, the Court denies Cater's motion for liability under the FTCA.

While Defendant Jason Clapton recently responded to Cater's motion for liability under the FTCA and adopted the other Defendants' arguments [DN 44], Clapton has yet to join in Defendants' motion to dismiss. Nevertheless, the Court finds the arguments advanced by Defendants apply equally to Clapton and will dismiss the claims against him for the same reasons.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [DN 26] is **GRANTED** and Plaintiff's Motion for Liability under FTCA [DN 34] is **DENIED**.

Joseph H. McKinley Jr., Senior Judge
United States District Court

July 26, 2023

cc: Charles O. Cater, *pro se*
      counsel of record